```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROGER FIGUROWSKI,

                      Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               14-CV-7034(JS)(GRB)
MARBIL INVESTORS, LLC; WILLIAM J.
CHRISTIE; EMMETT CHRISTIE; and BARBARA
LIEB, as Aider and Abettor,

                      Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Peter Arcadio Romero, Esq.
                    Neil Frank, Esq.
                    Frank & Associates, P.C.
                    500 Bi-County Boulevard, Suite 112N
                    Farmingdale, New York 11735

For Defendants:     Andrew E. Curto, Esq.
                    Frank W. Brennan, Esq.
                    Gregory Scot Lisi, Esq.
                    Forchelli, Curto, Deegan,
                      Schwartz, Mineo & Terrana, LLP
                    333 Earle Ovington Boulevard, Suite 1010
                    Uniondale, New York 11553
```

SEYBERT, District Judge:

Plaintiff Roger Figurowski ("Plaintiff") commenced this action on December 3, 2014 against his former employers--Marbil Investors, LLC, William J. Christie, and Emmett Christie--and a former co-employee--Barbara Lieb (collectively, "Defendants"). The Complaint asserts the following: (1) a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; (2) claims for unpaid overtime and spread-of-hours pay under the New York Labor Law ("NYLL"), N.Y. LAB. LAW § 190, et

seq.; (3) violations of the NYLL's notice and record-keeping requirements, N.Y. Lab. Law § 195; (4) age discrimination, retaliation for opposing age discrimination, and aiding and abetting age discrimination, in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, et seq.; and (5) breach of contract under New York state law.

On February 9, 2015, Defendants filed a partial motion to dismiss Plaintiff's overtime and spread-of-hours claims under the NYLL, retaliation and aiding and abetting claims under the NYSHRL, and breach of contract claim. (Docket Entry 13.) Plaintiff does not oppose Defendants' motion insofar as it seeks dismissal of Plaintiff's NYLL claims. (See Pl.'s Opp. Br., Docket Entry 23, at 1 n.1.) Accordingly, Defendants' motion to dismiss is GRANTED in this regard, and Plaintiff's unpaid overtime and spread-of-hours claims under the NYLL are DISMISSED WITH PREJDUCE. Additionally, for the reasons explained below, Plaintiff's claims of age discrimination, retaliation, and aiding and abetting under the NYSHRL, as well as his breach of contract claim, are sua sponte DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

BACKGROUND[1]

Defendant Marbil Investors, LLC ("Marbil") is a New York corporation that owns and operates the Greenbrier Luxury Garden Apartments, an apartment complex located in Patchogue, New York (the "Greenbrier Apartments"). (Compl. ¶ 18.) The Complaint alleges that Defendants William Christie and Emmett Christie (collectively, the "Christies") are "shareholders, owners, and operators" of the Greenbrier Apartments, as well as "employers" within the meaning of the FLSA and the NYLL. (Compl. ¶ 20.) Defendant Barbara Lieb ("Lieb") is employed as the property manager of the Greenbrier Apartments. (Compl. ¶ 44.)

Plaintiff worked for Marbil as the live-in superintendent of the Greenbrier Apartments from March 1992 until May 2014 when he was terminated. (Compl. ¶¶ 23-24.) Plaintiff alleges that he regularly worked over sixty hours per week, from 9:00 a.m. to 6:30 p.m., seven days per week. (Compl. ¶ 28.) Plaintiff further claims that he was "on call" twenty-four hours per day to perform tenant repairs, and that tenants regularly called him after 6:30 p.m. for such repairs. (Compl. ¶¶ 29-30.) Plaintiff alleges that Defendants failed to pay him proper overtime wages for the hours he worked in excess of forty hours per week in

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

violation of the FLSA and the NYLL, and that they also failed to furnish a notice of his rate of pay and the basis for his rate of pay in violation of the NYLL's notice and record-keeping requirements. (Compl. ¶¶ 65-66, 72.)

Plaintiff further alleges that Defendants discriminated against him on the basis of his age when they terminated him on May 2, 2014 and then replaced him with a younger, less-experienced superintendent. (Compl. ¶¶ 36, 40.) In his termination letter, Defendants allegedly offered Plaintiff severance pay of one month's salary, one-half to be paid upon termination and the other half to be paid upon Plaintiff vacating his apartment by June 17, 2014. (Compl. ¶ 37.) Plaintiff vacated his apartment on June 17, 2014, but he claims that Defendants failed to pay him the second installment of the agreed-upon severance pay. (Compl. ¶¶ 38-39.) He further claims that on June 10, 2014, Lieb, acting under the direction of the other defendants, locked Plaintiff out of a storage room that contained "most of [his] family['s] clothing" in retaliation for Plaintiff's attorney having sent Defendants a letter on June 2, 2014 that complained about the alleged unpaid overtime and age discrimination. (Compl. ¶¶ 46, 48-49.)

On June 18, 2014, Plaintiff's attorney sent Defendants an additional letter demanding payment of the second installment of his severance pay. (Compl. ¶ 55.) According to Plaintiff, Defendants "ignored" the letter and still have not paid the second

installment of the severance pay. (Compl. ¶ 55.) Accordingly, Plaintiff commenced this action on December 3, 2014.

The Complaint asserts eight causes of action: (1) failure to pay overtime wages in violation of the FLSA, (Compl. ¶¶ 58-62); (2) failure to pay overtime wages in violation of the NYLL, (Compl. ¶¶ 63-66); (3) failure to pay spread-of-hours pay in violation of the NYLL, (Compl. ¶¶ 67-70); (4) failure to comply with the NYLL's notice and record-keeping requirements, (Compl. ¶¶ 71-73); (5) age discrimination in violation of the NYSHRL, (Compl. ¶¶ 74-76); (6) retaliation for opposing age discrimination in violation of the NYSHRL, (Compl. ¶¶ 77-80); (7) aiding and abetting age discrimination in violation of the NYSHRL (solely against Lieb), (Compl. ¶¶ 81-82); and (8) breach of contract under New York state law, (Compl. ¶¶ 83-86).

On February 9, 2015, Defendants filed a motion to dismiss Plaintiff's overtime and spread-of-hours claims under the NYLL, retaliation and aiding and abetting claims under the NYSHRL, and breach of contract claim. (Docket Entry 13.) This motion is fully briefed and currently pending before the Court.

## DISCUSSION

Defendants urge the Court to dismiss Plaintiff's state law claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Br., Docket Entry 14.) As noted, Plaintiff does not oppose Defendants' motion insofar as it

seeks dismissal of Plaintiff's NYLL claims. Accordingly, Plaintiff's unpaid overtime and spread-of-hours claims under the NYLL are DISMISSED WITH PREJDUCE. With respect to the remaining state law, non-wage claims, however, the Court need not address the arguments advanced by Defendants in their motion to dismiss, because those claims must be dismissed for lack of subject matter jurisdiction.[2]

Plaintiff's sole basis for jurisdiction over his state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (See Compl. ¶ 10.) Under Section 1367, a federal district court may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the asserted federal claims conferring subject matter jurisdiction. See 28 U.S.C. § 1367(a). A state law claim forms part of the same case or controversy as a federal claim if the claims "'derive from a common nucleus of operative fact' and are such that one would ordinarily expect them to be tried in one judicial proceeding."

---

[2] Although Defendants do not seek dismissal for lack of subject matter jurisdiction, the Court may raise the issue of subject matter jurisdiction sua sponte and must dismiss any claim over which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Manway Const. Co. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

6

People by Abrams v. Terry, 45 F.3d 17, 23 n. 7 (2d Cir. 1995) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966)). "In determining whether two disputes arise from a 'common nucleus of operative fact,' [courts] have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (ellipses and second alteration in original) (quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000)). If a "common nucleus of operate fact" exists, the exercise of supplemental jurisdiction over the state law claim "is a favored and normal course of action." Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251, 254 (2d Cir. 1991).

Here, Plaintiff's sole federal claim is for unpaid overtime under the FLSA. This claim and Plaintiff's state law, non-wage claims do not "derive from a common nucleus of operative fact" required to confer supplemental jurisdiction over the state law claims. Plaintiff's FLSA claim hinges solely on the number of hours he worked and the compensation he received. By contrast, Plaintiff's age discrimination and retaliation claims involve vastly different and unrelated factual issues, including, for example, whether Defendants took an adverse employment action

7

under circumstances supporting an inference of discrimination. These claims would be based on evidence and testimony completely unrelated to Plaintiff's overtime claim. Plaintiff's breach of contract claim likewise shares no factual or evidentiary connection to the FLSA claim, since the breach of contract claim considers only whether Defendants failed to pay Plaintiff an agreed-upon severance payment, an agreement which Plaintiff contends is set forth in his termination letter.

The only discernible factual connection between the FLSA claim and the state law claims is the fact that these claims arose out of Plaintiff's employment relationship. However, "[t]his bare link does not establish supplemental jurisdiction." Shearon v. Comfort Tech Mech. Co., No. 12-CV-0096, 2014 WL 1330751, at *3 (E.D.N.Y. Mar. 31, 2014). Several courts addressing similar situations have held that the employment relationship itself is insufficient to create a "common nucleus of operative fact" between an FLSA claim and a state law, non-wage claim. See, e.g., Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc., No. 12-CV-2327, 2013 WL 5460196, at *6 (E.D.N.Y. Sept. 30, 2013) (sua sponte dismissing the plaintiff's state law discrimination claims for lack of subject matter jurisdiction because because they "involve[d] different rights, different interests, and different underlying facts from her [FLSA] wage claims" (internal quotation marks and citation omitted)); Rivera v. Ndola Pharmacy Corp., 497

8

F. Supp. 2d 381, 395 (E.D.N.Y. 2007) ("Plaintiff's employment relationship is insufficient to create a 'common nucleus of operative fact' where it is the sole fact connecting plaintiff's federal overtime claim and the remaining state law claims [of employment discrimination]."); Lyon v. Whisman, 45 F.3d 758, 762 (3d Cir. 1995) (holding that supplemental jurisdiction did not exist over state law breach of contract claim that "involved [the defendant's] alleged underpayment of a bonus" because the facts relevant to that claim "were quite distinct" from those relevant to the plaintiff's FLSA claim).

In sum, there is no material overlap between Plaintiff's FLSA claim and his state law, non-wage claims. Plaintiff's state law claims involve "different rights, different interests, and different underlying facts" than his FLSA wage claim, and supplemental jurisdiction is therefore lacking. Hernandez, 2013 WL 5460196, at *6 (citation omitted). Accordingly, Plaintiff's NYSHRL claims and breach of contract claim are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[3]

---

[3] Moreover, even if Plaintiff's FLSA claim and NYSHRL claims derived from a common nucleus of operative fact, the Court would decline to exercise supplemental jurisdiction over the NYSHRL claims because these claims substantially predominate over the federal claim. As the Supreme Court has recognized, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) (internal quotation marks and citation omitted). Thus, under Section 1367, a district court "may decline to exercise supplemental

9

However, supplemental jurisdiction does exist over Plaintiff's claim under Section 195 of the NYLL, which Defendants have not moved to dismiss. Section 195 requires an employer, <u>inter alia</u>, to furnish employees with a notice regarding the employee's "rate or rates of pay and basis thereof." N.Y. LAB. LAW § 195(1)(a). Although Plaintiff's Section 195 claim is legally distinct from his claim for overtime under the FLSA, both claims are based on the same factual predicate--namely, Defendants' pay practices. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's Section 195 claim.

Finally, although the Complaint alleges that all Defendants violated the FLSA and the NYLL, it identifies only Marbil and the Christies as "employers" within the meaning of the FLSA and the NYLL. The Complaint does not allege that Lieb is an employer. However, "[t]o be held liable under the FLSA and the

---

jurisdiction" over a state law claim where, as in this case, the claim "substantially predominates" over the federal claim. 28 U.S.C. § 1367(c)(2). "State law claims can substantially predominate over federal claims 'in terms of proof, of the scope of issues raised, or of the comprehensiveness of the remedy sought.'" <u>Hernandez</u>, 2013 WL 5460196, at *6 (quoting <u>McConnell v. Costigan</u>, No. 00-CV-4598, 2000 WL 1716273, at *4 (S.D.N.Y. Nov. 16, 2000)). Here, Plaintiff's state law claims will require a substantial amount of additional evidence and involve much broader issues than Plaintiff's straightforward FLSA overtime claim. <u>See</u> <u>id.</u> ("[P]laintiff's age discrimination claims will require significantly more proof and resolution of much broader issues than plaintiff's [FLSA] wage claims.")

NYLL, a person must be an employer." Pinzon v. Paul Lent Mech. Sys., Inc., No. 11-CV-3384, 2012 WL 4174725, at *6 (E.D.N.Y. Aug. 21, 2012), report and recommendation adopted by, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012). Because only FLSA and NYLL claims remain, and because Plaintiff has not alleged that Lieb is an employer under these statutes, all claims against Lieb are sua sponte DISMISSED.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket Entry 13) is GRANTED insofar as it seeks dismissal of Plaintiff's claims for overtime and spread-of-hours pay under the NYLL, and these claims are DISMISSED WITH PREJUDICE. Plaintiff's breach of contract claim and claims of age discrimination, retaliation, and aiding and abetting under the NYSHRL are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. All claims against Barbara Lieb are DISMISSED, and the Clerk of the Court is directed to TERMINATE her as a defendant in this action. Plaintiff's FLSA overtime claim and claim under Section 195 of the NYLL, which Defendants have not moved to dismiss, will proceed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July __1__, 2015
Central Islip, New York